IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASEY ALLEN BISHOP )<br>    Petitioner )<br>                     )<br>vs. )<br>                     )<br>UNITED STATES OF AMERICA, )<br>    Respondent. )<br>                     ) | C.A.No. 09-277 Erie<br><br>District Judge Cohill<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

**II.    REPORT**

    **A.    Relevant Procedural History**

Petitioner, acting pro se, filed the instant petition for writ of habeas corpus on November 2, 2009. Petitioner paid the five dollar filing fee on December 9, 2009, and by Order dated January 27, 2010, this Court ordered the U.S. Marshal to serve the petition upon Respondent. Document # 8.

After being informed by the U. S. Marshal Service that Petitioner had not paid the necessary service fees, by Order dated April 13, 2010, this Court directed Petitioner to show cause before May 3, 2010, for this failure to cooperate with the Marshal Service. Document # 10. The order warned that the failure to comply would result in the dismissal of this action.

As of today's date, Petitioner has failed to comply with this Court's order of April 13,

1

2010.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter several months ago, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Petitioner has repeatedly ignored orders by this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties in a habeas case.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2010